IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JONATHAN EDWARDS**                                                               **PETITIONER**

v.                                                                                          **NO. 2:17CV205-KS-MTP**

**JACQUELYN BANKS**                                                                **RESPONDENT**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the *pro se* petition [1] of Jonathan Edwards for writ of *habeus corpus* pursuant to 28 U.S.C § 2254.  After carefully considering the submissions of the parties, the record, and the applicable law, the undersigned recommends that the petition be dismissed without prejudice.

**PROCEDURAL HISTORY**

Petitioner Jonathan Edwards is a post-conviction inmate currently in the custody of the Mississippi Department of Corrections.  ([11-3] at 1.)  On January 18, 2017, Petitioner pleaded guilty to burglary of a dwelling in the Circuit Court of Marion County, Mississippi.  ([11-1] at 1.)  He was sentenced as a habitual offender pursuant to Mississippi Code § 99-19-81.  ([8-1] at 1.)  Thereafter, on September 8, 2017, Petitioner filed a "Motion for Post-Conviction Collateral Relief" in the Circuit Court of Marion County where he challenged his plea and sentence.  ([11-5] at 1.)  According to both Petitioner and Respondent, Petitioner's post-conviction relief is currently pending before that circuit court. ([1] at 3; [11] at 4.)

On December 19, 2017, proceeding *in forma pauperis* (IFP), he filed the instant habeas petition.  ([1] at 1.)  Petitioner seeks a writ of habeas corpus on the following grounds (as stated by Petitioner):

1

**Ground One**: Petitioner's plea bargain was not knowingly and voluntarily entered.

**Ground Two**: Petitioner alleges that false information was submitted by investigators.

**Ground Three**: Petitioner claims he was illegally charged as a habitual offender pursuant to Mississippi Code § 99-19-81.

**Ground Four**: Petitioner claims ineffective assistance of counsel.

([1] at 5-10.)

The Respondent filed a motion to dismiss [11] on March 23, 2018, arguing that the petition should be dismissed because Petitioner did not first exhaust available state remedies. Motion [11] at 2. Petitioner did not respond to the motion.

## ANALYSIS

Pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner who seeks habeas relief must first exhaust state remedies. Section 2254, in part, provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In order for a petitioner to obtain federal habeas relief, a petitioner must first exhaust his claims in state court before his claims can be considered by the federal court. *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The petitioner must present his claims to the highest state court in order to "give state courts a fair opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, (1999) (citations omitted). "[T]he state court[] should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 845 (citation omitted).

Moreover, a federal habeas petition should be dismissed if state remedies have not been exhausted. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Only after exhausting his claims in state court is a petitioner eligible for federal habeas relief. *O'Sullivan*, 526 U.S. at 839.

In this case, the Petitioner has failed to properly exhaust his claims in state court. As noted, Petitioner filed a post-conviction petition in the Circuit Court of Marion County on September 8, 2017. Petitioner and Respondent both acknowledge that his claims are pending before that court. Thus, the record before this Court shows that the Petitioner's claims have not been presented to the highest state court nor has the state court been given a "fair opportunity to act" on his claims. This Court is barred from considering unexhausted claims. *See Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (noting that the highest state court has to have a "fair opportunity to pass upon the claim") (internal quotations omitted). Petitioner has failed to satisfy his duty to first exhaust his claims in state court pursuant to § 2254(b)(1).

## **RECOMMENDATION**

For the foregoing reasons discussed, the undersigned recommends that the Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1) and the rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.

Failure to timely file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusion accepted by the district court to which the party has not objected. *Douglas v. United Servs. Auto Ass'n*, F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 2nd day of August, 2018

                                                            s/ Michael T. Parker
                                                             United States Magistrate Judge