IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN  DIVISION


JONATHAN EDWARDS                                        PETITIONER


VS.                                        CIVIL ACTION NO. 2:17cv205-KS-MTP


JACQUELYN BANKS                                        RESPONDENT



## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
## AND DISMISSING CASE WITHOUT PREJUDICE, ETC.

This cause is before the Court on Petition of Jonathan Edwards  for writ of *habeas corpus* filed

pursuant to 28 U.S.C. § 2254 [1], Respondent Jacquelyn Banks' Motion to Dismiss [11] , Report

and Recommendation [12] of  Magistrate Judge Micharl T. Parker, Objection [14] to Report and

Recommendation filed by Jonathan Edwards, Response in Opposition [15] to Objection filed by

Respondent, and the records and pleadings herein and the Court does hereby find as follows to

wit:

## I.  PROCEDURAL HISTORY

    Petitioner Jonathan Edwards is a post-conviction inmate currently in the custody of the

Mississippi Department of Corrections. ([11-3] at 1.) On January 18, 2017, Petitioner pleaded

guilty to burglary of a dwelling in the Circuit Court of Marion County, Mississippi. ([11-1] at 1.)

He was sentenced as a habitual offender pursuant to Mississippi Code § 99-19-81. ([8-1] at 1.)

Thereafter, on September 8, 2017, Petitioner filed a "Motion for Post-Conviction Collateral

Relief" in the Circuit Court of Marion County where he challenged his plea and sentence. ([11- 5] at 1.) His appeal of denial of post-conviction relief is currently pending in the Mississippi Court of Appeals.

On December 19, 2017, proceeding *in forma pauperis* (IFP), he filed the instant habeas petition. ([1] at 1.) Petitioner seeks a writ of habeas corpus on the following grounds (as stated by Petitioner):

> **Ground One**: Petitioner's plea bargain was not knowingly and voluntarily entered.
>
> **Ground Two**: Petitioner alleges that false information was submitted by investigators.
>
> **Ground Three**: Petitioner claims he was illegally charged as a habitual offender pursuant to Mississippi Code § 99-19-81.
>
> **Ground Four**: Petitioner claims ineffective assistance of ounsel.

([1] at 5-10.)

The Respondent filed a motion to dismiss [11] on March 23, 2018, arguing that the petition should be dismissed because Petitioner did not first exhaust available state remedies. Motion [11] at 2. Petitioner did not respond to the motion

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will

examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

The basis for Judge Parker's recommendation that the Petition be dismissed is that Petitioner failed to exhaust his State remedies pursuant to 28 U.S.C. §2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The law is clear that the Petitioner must have first exhausted his State remedies prior to filing his habeas petition. Petitioner acknowledges that he has not completely exhausted all of his State remedies. Document [13] is an attachment to Motion [11] which indicates that the State Court dismissed the post-conviction petition filed by Petitioner in the State court and that the appeal of the dismissal is currently pending before the Mississippi Supreme Court which has deflected same to the Mississippi Court of Appeals. The Court of Appeals has not ruled at this time. The law is clear that only after exhausting his claims in State court is the Petitioner eligible to file for Federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, (1999). The Court is barred from considering unexhausted claims.

The Petitioner argues that equitable tolling should apply, but equitable tolling is not an issue since the Petition was timely filed and the one year statute of limitations is tolled during the

pendency of a State post-conviction Petition. The Petitioner has failed to satisfy his duty to exhaust and this Court is required to dismiss unexhausted claims.

## IV. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Edwards' Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted  pursuant to 28 U.S.C. §636(b)(1) and that Jonathan Edwards' claim is DISMISSED WITHOUT PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED this the ___25th____ day of October, 2018,


___s/Keith Starrett _____
UNITED STATES DISTRICT JUDGE